FILED
2012 Apr-27  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT DONALD KELLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-11-S-3104-E** |
| | ) | |
| **MICHAEL  J.  ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Robert Donald Kelley commenced this action on August 24, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that: (1) the ALJ's finding that claimant is capable of performing light work is not supported by substantial evidence; (2) the ALJ impermissibly assigned "great weight" to the opinion of the non-treating, non-examining state agency physician; (3) the ALJ erred in finding that claimant's participation in activities of daily living undermined his disability claim; and (4) the ALJ improperly considered claimant's alleged noncompliance with prescribed treatment.  Upon review of the record, the court concludes that these contentions are without merit.

The primary problem with claimant's arguments is that claimant last met the insured status requirements of the Social Security Act on June 30, 2008.[1]  Claimant therefore bore the burden of proving disability on or prior to June 30, 2008.  *See* 42 U.S.C. § 423(a) and (c); 20 C.F.R. §§ 404.101, 404.130, and 404.131; *Ware v. Schweiker,* 651 F. 2d 408, 411 n.3 (5th Cir. July 1981).[2]  Most of the evidence on which claimant relies to support his arguments relates to injuries to his hand and shoulder.  Those injuries all occurred *after* claimant's date last insured, and any

---

[1]*See* Tr. at 17.

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

impairments resulting from those injuries are therefore irrelevant to claimant's claim for benefits.[3]

The evidence dating before June 30, 2008 relates primarily to claimant's hearing problems. Even though claimant had a tumor removed from his ear in November of 2008, the medical evidence does not reflect that he experienced disabling hearing impairments prior to that date. Dr. Morton Goldfarb, the ear, nose, and throat specialist who removed claimant's tumor, noted on July 27, 2007, that claimant complained of gradual hearing loss, noises, and pain in his right ear, as well as dizziness and imbalance. Even so, on examination, Dr. Goldfarb noted claimant could hear conversational voices, that his external ears had no lesions or tenderness to palpitation, that his tympanic membrane was normal with no lesions or perforations, and that no fluid was present behind his tympanic membranes. Dr. Goldfarb made similar findings on August 10, 2007.[4] Claimant did not see Dr. Goldfarb again until September 29, 2008, because he had gotten "sidetracked."[5] The tumor was removed soon after that, and claimant made good post-surgical progress, except for some nerve damage as a result of the surgery.[6]

---

[3] The court recognizes that medical evidence dating after claimant's date last insured could be relevant to claimant's disability status, but only if it reflected on claimant's ability to perform work prior to the date last insured. An injury that did not occur until *after* the date last insured could not possibly reflect on claimant's ability to do work *prior to* the date last insured.

[4] Tr. 172-76.

[5] Tr. 193.

[6] *See* Tr. 191-200, 225-26.

There is no other evidence of a disabling impairment that existed prior to claimant's date last insured.  To the extent claimant did experience some hearing loss and balance disturbance, those impairments were accommodated by the ALJ's restriction of no climbing ladders, ropes, or scaffolds; no working in a hazardous environment around unprotected heights or hazardous machinery; and no work requiring balancing or using a telephone or similar equipment.[7]  The court is not persuaded by claimant's argument that the ALJ's finding of an ability to do light work is inconsistent with the medical evidence indicating balance problems.  Light work does require the ability to stand and walk, but there is no evidence that claimant's balance problems were so severe that he could not stand or walk.

Further, contrary to claimant's argument, the ALJ was not required to order a consultative examination in order to determine claimant's residual functional capacity.  It is the ALJ's responsibility to determine a claimant's residual functional capacity.  *See* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity.").  *See also Robinson v. Astrue,* 365 F. App'x 993, 999 (11th Cir. 2010) ("We note that the task of determining a claimant's residual functional capacity and

---

[7] Tr. 20.

4

ability to work is within the province of the ALJ, not of doctors."). The ALJ was not required to obtain a residual functional capacity evaluation from any treating or non-treating source. It is true that the ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision*. *Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 F. App'x. 597, 598 (11th Cir. 2005) (emphasis supplied). Furthermore, claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). The court concludes that the record in this case was sufficient to give substantial support to the ALJ's decision, even in the absence of a residual functional capacity finding by a treating or examining physician, and the ALJ was not required to order an additional consultative examination.

The ALJ also properly afforded "great weight" to the report of Dr. Callins, the state agency physician. Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating

or non-treating physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors.  *See* 20 C.F.R. § 404.1527(d).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").  Dr. Callins' opinion was consistent with the rest of the medical evidence of record, including records from Dr. Goldfarb, claimant's treating physician.

Finally, the ALJ properly considered claimant's daily activities and noncompliance with prescribed treatment.  Both are permissible factors for the ALJ to consider in evaluating claimant's credibility and the extent of impairment resulting from claimant's subjective symptoms.  *See* 20 C.F.R. § 404.1529(c).  Furthermore, neither factor formed the entire basis for the ALJ's decision, and the decision reached by the ALJ was supported by substantial medical evidence of record.

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly,

the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.

The Clerk is directed to close this file.

DONE this 27th day of April, 2012.

_____

United States District Judge